# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | * | CIVIL ACTION NO.: 2:21-cr-3 |
| v. | * | |
| | * | |
| TERRY KEY | * | |
| | * | |

## ORDER

Before the Court are Defendant Terry Key's Objections to the Magistrate Judge's Report and Recommendation dated June 24, 2021. Dkt. No. 77. The Magistrate Judge recommended the Court deny Defendant's motion to suppress.[1] Dkt. No. 76. After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Defendant's Objections.

### Background

Defendant has been indicted on: one count of possession of controlled substances with intent to distribute, in violation of 21 U.S.C. § 841; one count of possession of a firearm in

---

[1] The Magistrate Judge also issued an Order denying Defendant's Motion to Bifurcate, to which Defendant does not object. Dkt. No. 77 at 3.

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). Dkt. No. 1. These charges stem from an investigation by law enforcement officials in Wayne County, Georgia, including a search warrant obtained and executed on June 24, 2020. Investigator Anthony Surrency, a narcotics investigator with the Wayne County Sheriff's Office, obtained and executed a search warrant for Room 121 of the Motel Jesup. Dkt. No. 61-2 at 1.

**ANALYSIS**

**I. Motion to Suppress**

Plaintiff objects to the Magistrate Judge recommending denial of his motion to suppress. Dkt. No. 77. The Magistrate Judge found the issuing judge had a substantial basis for finding probable cause, and, alternatively, the Leon good-faith exception applies. Id. at 8-14.

Defendant argues the affidavit supporting the search warrant was inadequate for the issuing judge to find probable cause. Dkt. No. 77 at 4. Specifically, Defendant contends the facts in the warrant did not provide a substantial basis for the issuance of the warrant, the confidential informant's tip was not corroborated, and the information in the warrant was stale. Id. Additionally, Defendant asserts the good-faith exception should not apply. Id. at 25-28.

2

At the outset, the Court addresses Defendant's references to the Government's decision not to present witnesses or additional evidence at a hearing on the motion. Defendant makes several references to the Government's choice not to have Investigator Surrency testify. Dkt. No. 77 at 3, 12, 14, 23. The apparent implication of this is the Government has failed to meet its burden in establishing the warrant was supported by probable cause. However, Defendant has the burden of establishing the warrant was defective. United States v. Whyte, 928 F.3d 1317, 1333 (11th Cir. 2019) (citing United States v. Van Horn, 789 F.2d 1492, 1500 (11th Cir. 1986)). Moreover, Defendant brought a facial challenge to the warrant and the facts are undisputed; consequently, the Court can resolve the motion on the four corners of the warrant. Dkt. Nos. 32, 68. Thus, the Government's decision not to present any witnesses or evidence is of little to no consequence.

**A.    The Warrant Was Supported by Probable Cause**

Defendant's Objections regarding whether there was a substantial basis for the issuing judge's finding of probable cause are unresponsive and without merit, as Defendant largely re-states the same arguments contained in his Motion. Indeed, Plaintiff fails to engage with the Magistrate Judge's reasoning or support he relied on in making his recommendation.

3

For example, Defendant again argues that almost a dozen observed short transactions over a couple of days does not indicate drug activity, but he ignores Circuit precedent to the contrary, which the Magistrate Judge cited. Dkt. No. 77 at 8-9, 13, 16-17. In United States v. Powell, 222 F.3d 913, 915-18 (11th Cir. 2010), the Eleventh Circuit Court of Appeals found repeated, short visits and swift departures from a residence can be indicative of drug activity, especially where the suspect is a known drug dealer. Here, that same reasoning plainly applies—Investigator Surrency observed repeated, short transaction by Defendant at his motel room and he was a known drug dealer.

Similarly, Defendant again asserts the transactions must have been described in more detail to provide probable cause. Dkt. No. 77 at 17-19. In the affidavit, Investigator Surrency provided sworn testimony that based on his training, experience, and knowledge, these transactions looked like drug transactions. The issuing judge's reliance on Investigator Surrency's training, knowledge, and experience was appropriate and does not show the warrant was unsupported by probable cause. United States v. Joseph, 709 F.3d 1082, 1100 (11th Cir. 2013).

Defendant again contends his criminal history included in the affidavit is immaterial. Dkt. No. 77 at 13, 18-19. However, as the Magistrate Judge correctly determined, criminal history is a relevant consideration. Dkt. No. 76 at 11 (citing

4

AO 72A
(Rev. 8/82)

United States v. Farese, 612 F.2d 1376, 1379 n.5 (5th Cir. 1980); United States v. Anderson, 152 F. App'x 915, 917 (11th Cir. 2005); United States v. Kelly, No. 2:20-CR-030, 2021 WL 1379516, at *4 (N.D. Ga. Jan. 12, 2021)).

Accordingly, the Court **OVERRULES** Defendant's Objection to the Magistrate Judge's conclusion there was a substantial basis for finding of probable cause by the issuing judge.

### B. The Issuing Judge Was Free to Rely on the Confidential Informant's Statement in the Affidavit

Defendant re-raises arguments about the Confidential Informant ("CI"), asserting the CI's tip should be disregarded because there is no information on the CI's veracity. Dkt. No. 77 at 9-16.[2] Though Defendant is correct the affidavit omits information relating to the CI's veracity, none was needed because Investigator Surrency corroborated the tip through his own surveillance. As the Magistrate Judge explained, where a CI's tip is corroborated, the CI's reliability is established and information about the CI's veracity is not necessary. Dkt. No. 76 at 11 (citing United States v. Foree, 43 F.3d 1572, 1576 (11th Cir. 1995); and United States v. Bates, Case No. 1:13-CR-00501, 2017 WL 9439178, at *8 (N.D. Ga. June 1, 2017)). The

---

[2] Defendant also argues the Government's reliance on United States v. Caswell, 436 F.3d 894, 899-900 (8th Cir. 2006), is misplaced because Caswell is distinct from this case. Dkt. No. 77 at 12, 14-16. This argument is immaterial. While the Government may have relied on Caswell, the Magistrate Judge did not.

AO 72A
(Rev. 8/82)

Court agrees with and adopts the Magistrate Judge's analysis on this point. Thus, the Court **OVERRULES** Defendant's Objections regarding the CI's tip contained in the affidavit.

### C. The Warrant's Information Was not Stale

Defendant argues the warrant information was stale when it was obtained on June 24, 2020. Dkt. No. 77 at 18, 20-22. While a motel is more transient than a house, the two-day gap between Investigator Surrency's observations and obtaining and executing the warrant does not make the information stale. Like Defendant's other Objections, he largely raises arguments made before the Magistrate Judge, and that were properly rejected. Indeed, Plaintiff offers no specific Objections to the Magistrate Judge's conclusions, and the Court finds no error. Thus, the Court **OVERRULES** Defendant's Objections regarding whether the affidavit information was stale.

## II. The Good-Faith Exception Applies

The Magistrate Judge found even if the affidavit did not establish probable cause, the good-faith exception applies, and the evidence should not be suppressed. Dkt. No. 76 at 14-16.

Defendant argues Investigator Surrency cannot rely on the good-faith exception because he prepared the affidavit and executed the search warrant. Dkt. No. 77 at 26. However, Defendant provides no support for this proposition, nor has the Court identified any support for Defendant's contention.
6
AO 72A
(Rev. 8/82)

Defendant's argument that all four circumstances where the Court should not apply the good-faith exception are present is also unpersuasive. Id. at 25-28. "The four sets of circumstances are . . . : (1) where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) 'where the issuing magistrate wholly abandoned his judicial role . . .; (3) where the affidavit supporting the warrant is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002) (internal citations and quotations omitted).

Defendant has not pointed to any false information. Similarly, Defendant has not articulated how the place to be searched or items to be seized are not sufficiently particularized. Instead, Defendant argues in conclusory fashion that, because it was so obvious probable cause did not exist, the good-faith exception should not apply. But, as discussed above and in the Magistrate Judge's Report, Investigator

Surrency's affidavit describes his own first-hand observations, Defendants' criminal history, a CI tip, and other facts, such that it was not so lacking in probable cause to render belief in its existence entirely unreasonable or to determine the issuing judge wholly abandoned his neutral role.

Accordingly, Defendant's objection to the Magistrate Judge's finding the good-faith exception would apply even if the warrant was not supported by probable cause is **OVERRULED**.

## CONCLUSION

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Defendant's Objections.

**SO ORDERED**, this \_\_\_9\_\_\_ day of \_\_\_July\_\_\_, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)